IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BYRON BOLLIGER, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-2441-K |
| | § | |
| DALLAS COUNTY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion for Summary Judgment, filed January 23, 2012. The court has considered the motion, response, reply, summary judgment record, and the applicable law. Because Plaintiffs have failed to raise a genuine issue of material fact regarding their claims, Defendants' Motion for Summary Judgment is **granted**, and Plaintiffs' claims are **dismissed with prejudice**.

**I.      Factual and Procedural Background**

The facts presented herein are largely undisputed. However, where relevant facts are disputed, such dispute is noted and the court views the facts in the light most favorable to Plaintiffs. Plaintiffs Byron Bolliger ("Bolliger") and Cristin Chaffin ("Chaffin") (collectively "Plaintiffs") were employed by Defendant Dallas County (the "County"), both working at the Dallas County Juvenile Justice Charter School ("School 001"). Both were initially employed in 2004. During the relevant time period, Bolliger

1

held the position of Campus Administrator, and Chaffin held the position of Assistant Campus Administrator.  Plaintiffs are both white.

In April 2009, the students at School 001 were scheduled to take the Texas Assessment of Knowledge and Skills ("TAKS") test.  Prior to the testing, training workshops were held for employees who would be involved in giving the test.  Plaintiffs both attended the workshops.  Both Plaintiffs also signed Oaths of Test Security and Confidentiality.  Bolliger signed as Campus Principal and Test Administrator (General), and Chaffin signed as Test Administrator (Administration Specific).

Plaintiffs worked together in preparing and administering the TAKS test at School 001 in April 2009.  They received the bulk of the testing materials on the afternoon prior to the test.  Bolliger and Chaffin worked past 10:00 on the night before the test began to get the materials organized and ready for distribution.  On April 28, 2009, the morning of the test, Bolliger was present when Chaffin distributed the TAKS booklets to the teachers, and he assisted her in distributing the booklets.

While the test booklets were being distributed, Bolliger was called out of the room to attend to other matters.  Jennifer Yoo-Schoby ("Yoo-Schoby") replaced Bolliger and helped Chaffin finish distributing the test materials.  Yoo-Schoby was the District Testing Coordinator.  She did not indicate that there was a problem with the way Chaffin distributed the test booklets, the manner in which Chaffin documented the distribution, or the forms being used.  Plaintiffs issued the test materials by receiving

2

panel request sheets from the teachers and issuing the booklets requested. They believed they did so in compliance with state regulations.

That same day, Instructional Manager Virginia Perry ("Perry") came to School 001 and indicated she had questions regarding the TAKS test administration on the campus. Perry is black. Plaintiffs met with Perry, Angelica Borrego ("Borrego"), and Dennis Vasquez ("Vasquez"). Perry questioned the way they had been distributing the test booklets and how they had documented the test booklet distribution. Perry questioned Plaintiffs' use of the Materials Control Form for documentation, which was provided to Plaintiffs by Yoo-Schoby. Perry stated that the form was different than the form used in the state manual, and asked a variety of other questions regarding the security of the testing materials.

Plaintiffs viewed the upshot of this meeting differently than Perry did. They state that during the meeting, Perry never gave them any direct orders or instructions regarding the test administration. The next day, Plaintiffs continued distributing the test materials using the incorrect procedures and contrary to Perry's instructions.

On April 29th, both Plaintiffs received a memo from Perry with specific directives regarding the TAKS testing, and they state that they followed those directives. Perry then sent Plaintiffs another memo on April 30th directing them to prepare and submit individual statements accounting for the alleged testing irregularities. Plaintiffs completed the statements as requested. Around that same time, Yoo-Schoby filed an

incident report stating that on Tuesday April 28th testing material had been distributed

for the entire week at one time, and that when the testing material was returned at the

end of the day, it was not properly verified and confirmed for accuracy in number.

Plaintiffs were both terminated on May 6, 2009, and were told the reason was

"poor performance during the April State Assessment administration." Plaintiffs state

that a number of incidents involving African-American test administrators and

coordinators had been reported, and that they personally knew of a number of African-

American test administrators who performed poorly on the TAKS testing, but these

individuals were not terminated.

After they were unsuccessful in appealing their terminations, Plaintiffs brought

suit against the County, alleging racial discrimination in violation of Title VII, 42 U.S.C.

§ 2000e, *et seq.,* and 42 U.S.C. § 1981a. The County now moves for summary judgment

on all of Plaintiffs' claims.

## II.    Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits and other

summary judgment evidence show that no genuine issue of material fact exists and the

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2551 (1986). The moving party bears the

burden of identifying those portions of the record it believes demonstrate the absence

of a genuine issue of material fact. *Celotex,* 477 U.S. at 322-25, 106 S.Ct. at 2551-54.

Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id.* at 321-25, 106 S.Ct. at 2551-54; *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255-57, 106 S.Ct. 2505, 2513-14 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993 (1962).

**III.    Defendant's Motion for Summary Judgment**

It is well-settled that Title VII and section 1981 provide parallel causes of action for public employees alleging racial discrimination in employment, which are examined under the same evidentiary framework, and require essentially the same proof to establish liability. *Davis v. Dallas Indep. Sch. Dist.,* 448 Fed. Appx. 485, 490-91 (5th Cir. 2011); *Lauderdale v. Tex. Dept. of Crim. Justice,* 512 F.3d 157, 166 (5th Cir. 2007); *Hernandez v. Yellow Transp., Inc.,* 670 F.3d 644, 657 (5th Cir. 2012). Accordingly, Plaintiffs' two racial discrimination claims can be considered together.

**A.    Applicable Law**

Title VII prohibits intentional discrimination against individuals with respect to their compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a). Where

a defendant has moved for summary judgment in an employment discrimination case based on circumstantial evidence, the court applies the burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).

Under this framework, the plaintiff must first establish a *prima facie* case of discrimination, which requires a showing that the plaintiff 1) is a member of a protected group; 2) was qualified for the position at issue; 3) was discharged or suffered an adverse employment action by the employer; and 4) was replaced by someone outside his protected group or was treated less favorably than other similarly-situated employees outside the protected group. *McCoy v. City of Shreveport,* 492 F.3d 551, 556 (5th Cir. 2007); *Wheeler v. BL Development Corp.,* 415 F.3d 399, 405 (5th Cir.), *cert. denied,* 546 U.S. 1061(2005). Once the plaintiff has set forth a *prima facie* case of discrimination, the employer must articulate a legitimate, non-discriminatory reason for the adverse action taken. *McDonnell Douglas,* 411 U.S. at 802; *Raytheon Co. v. Hernandez,* 540 U.S. 44, 49 n.3 (2003).

If the employer carries its burden of production, the ultimate burden of showing intentional discrimination shifts back to, and rests with, the plaintiff. *Nasti v. CIBA Specialty Chemicals Corp.,* 492 F.3d 589, 593 (5th Cir. 2007); *Wallace v. Methodist Hosp. Sys.,* 271 F.3d 212, 219 (5th Cir. 2001), *cert. denied,* 535 U.S. 1078 (2002). To satisfy this burden, the plaintiff must offer sufficient evidence to raise a genuine issue of material fact either that 1) the defendant's reason is not true, but is instead a pretext for

discrimination (pretext alternative); or 2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive alternative). *Vaughn v. Woodforest Bank,* 665 F.3d 632, 636 (5th Cir. 2011); *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.,* 482 F.3d 408, 411-12 (5th Cir. 2007). Here, Plaintiffs are following the pretext approach, so they must show either evidence of disparate treatment or that the County's proffered explanation for their discharge is false or unworthy of credence. *Nasti,* 492 F.3d at 593; *Laxton v. Gap, Inc.,* 333 F.3d 572, 578 (5th Cir. 2003).

Ultimately, "whether summary judgment is appropriate depends on numerous factors, including the strength of the plaintiff's *prima facie* case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case." *Price v. Fed. Express Corp.,* 283 F.3d 715, 720 (5th Cir. 2002); *Laxton,* 333 F.3d at 579. Summary judgment is appropriate where the evidence, when viewed as a whole, would not permit a jury to infer that the actual reason for the employer's action was discriminatory. *Brown v. Kinney Shoe Corp.,* 237 F.3d 556, 565 (5th Cir.), *cert. denied,* 534 U.S. 817 (2001). A "mere scintilla" of proof does not always create a material fact issue, and even where a plaintiff's evidence may "permit a tenuous inference of pretext," it still may be insufficient for a reasonable fact finder to infer discrimination. *Crawford v. Formosa Plastics Corp.,* 234 F.3d 899, 902-03 (5th Cir. 2000). Therefore, in

each case the determination of whether a jury could reasonably infer discrimination must

be made upon the nature, extent, and quality of the evidence. *Id.* at 903.

### B. Analysis

The County does not argue that Plaintiffs have failed to establish a *prima facie* case

of discrimination, so the court will proceed directly to the second step of the analysis –

whether the County has articulated a legitimate, non-discriminatory reason for

terminating Plaintiffs from their employment. *McDonnell Douglas,* 411 U.S. at 802;

*Nasti,* 492 F.3d at 593. The County has articulated such a reason – poor performance

during the April 2009 State Assessment administration –  and it is supported by the

summary judgment record.

Therefore, the burden shifts back to Plaintiffs to raise a genuine issue of material

fact whether the County's reason for their discharge was actually a pretext for racial

discrimination. To carry their burden, Plaintiffs must show either that the County's

explanation for their terminations is false or unworthy of credence, or that they were

treated differently than similarly situated individuals who are outside of their protected

class. *Nasti,* 492 F.3d at 593; *Laxton* 333 F.3d at 578.

To show pretext, Plaintiffs have first stated that they disagree with the County's

decision, or in other words, that its decision was wrong. Plaintiffs cannot survive

summary judgment by simply disputing the underlying facts of the County's decision.

*Sandstad v. CB Richard Ellis,* 309 F.3d 893, 899 (5th Cir. 2002), *cert. denied,* 539 U.S. 926

(2003); *see also Perez v. Region 20 Educ. Service Ctr.,* 307 F.3d 318, 325 (5th Cir. 2002) ("merely disagreeing with an employer's negative performance assessment is insufficient to show pretext."). The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive. *Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086, 1091 (5th Cir. 1995); *Black v. Sysco Foods of Houston,* 512 F. Supp.2d 1030, 1037 (S.D. Tex. 2007). Even if the County made an incorrect decision when it determined that Plaintiffs' performance on the April 2009 State Assessment administration was poor enough to warrant their discharge, Plaintiffs have provided no evidence of discriminatory motive that would suggest that discrimination was the real reason for the decision.

Plaintiffs' second argument regarding pretext is that there were a number of other testing-related incidents involving the actions of black test administrators who also performed poorly on the TAKS testing, but were not terminated. To successfully show that other employees are similarly situated, an employee must offer a comparator who was treated more favorably "under nearly identical circumstances," which is satisfied when "the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." *Lee v. Kansas City S. Ry. Co.,* 574 F.3d 253, 260 (5th Cir. 2009); *Berquist v. Washington Mut. Bank,* 500 F.3d 344, 353 (5th Cir. 2007), *cert. denied,* 552 U.S. 1166 (2008); *Okoye v. Univ. of Tex. Hou. Health Sci. Ctr.,* 245

F.3d 507, 514 (5ᵗʰ Cir. 2001).  Although Plaintiffs identify approximately seven individuals who allegedly were not terminated in a similar situation, this evidence is merely conclusory, because Plaintiffs have not provided evidence of any of the underlying details that are required to show that these employees were similarly situated. Therefore, this allegation also does not raise a material fact issue concerning pretext. *See Eason v. Thaler,* 73 F.3d 1322, 1325 (5ᵗʰ Cir. 1996) (conclusory assertions are not competent summary judgment evidence).  Because Plaintiffs cannot raise a genuine issue of material fact regarding pretext, the court must enter summary judgment for the County.

**IV.     Conclusion**

For the reasons stated herein, Defendant's Motion for Summary Judgment is **granted**, and Plaintiffs' claims are hereby **dismissed with prejudice.**  Judgment will be entered by separate document.

**SO ORDERED.**

Signed July 9ᵗʰ, 2012.

_Ed Kinkeade_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE